UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

BIODUN IGINLA, CIVIL NO. 01-1767(RHK/JMM)

Plaintiff,

v. REPORT AND RECOMMENDATION

BARNES AND NOBLE
BOOKSTORE, INC.

Defendant.

The above matter came on for hearing before the undersigned on December 21, 2001 upon Defendant's Motion to Dismiss [Docket No. 4]. Plaintiff represented himself pro se; Binh Tuong, Esq. appeared on behalf of Defendant.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, it is recommended that Defendant's Motion to Dismiss [Docket No. 4] be granted without prejudice for Plaintiff's failure to effect service of process in accordance with Rule 4 of the Federal Rules of Civil Procedure.

**Background**

On September 26, 2001 Plaintiff filed with this Court a Complaint [Docket No. 1] alleging a civil rights violation under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000 against Defendant. In the Complaint Plaintiff asserts that on September 21, 2001 he was seated in Defendant's café socializing with friends when he was summarily asked to leave the premises by Defendant's employees. Plaintiff asserts that he was singled out and forced to leave the premises because he is an African-American Muslim, who on this particular day was wearing a *kaffiyeh*, a traditional Muslim head scarf. Later that day,

JAN 0 4 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Plaintiff states that he spoke with the store manager however, to date Defendant has done nothing to address Plaintiff's grievance.

On November 2, 2001 Defendant filed the present Motion to Dismiss [Docket No. 4]. In support of the Motion to Dismiss Defendant argues that the Complaint should be dismissed because 1) Plaintiff failed to exhaust his administrative remedies; 2) Plaintiff failed to allege the necessary elements for relief as required under Title II; 3) Plaintiff failed to allege that Defendant Barnes and Noble Booksellers, Inc. is a place of public accommodation as defined under Title II; 4) Plaintiff can not prove that he was discriminated against on the basis of race or religion; and, 5) Plaintiff has not requested the appropriate relief under Title II. In response Plaintiff argues 1) the Complaint shows the incident on September 21, 2001 took place in Defendant's café which is a place of public accommodation; 2) he initially sought to resolve the matter internally by speaking with the store manager but nothing was done; and, 3) he can demonstrate Defendant discriminated against him on the basis of race and religion because in addition to being fully captured on audio-tape, the incident was witnessed by 3 individuals willing to testify on Plaintiff's behalf.

Dismissal of the Complaint without prejudice for failure to properly effect service or process is an appropriate disposition of this matter. We conclude that this is the best course of action because it appropriately emphasizes the importance of complying with the court's procedural rules. Further, such a dismissal will allow Plaintiff the opportunity to retain counsel and re-file his suit in accordance with the Federal Rules of Civil Procedure, if the parties are unable to resolve the dispute by other means.

Finally, after consideration of the record we take the liberty of urging the parties to engage in meaningful and respectful discussions with one another as a means to settle this dispute. It appears that Plaintiff's claim is not frivolous and is motivated by good faith. Likewise, while litigation certainly serves as a means to correct discriminatory practices, the facts in the instant case do not necessarily suggest that Defendant's alleged conduct is or will be a common practice.[1] Informal discussions or mediation would likely enable the parties to reach a fair and equitable resolution without need for further litigation.

## RECOMMENDATION

For the reasons set forth above it is recommended that Defendant's Motion to Dismiss the Complaint [Docket No. 4] be granted without prejudice by reason of Plaintiff's failure to effect service of process in accordance with Rule 4 of the Federal Rules of Civil Procedure.

Dated: January 4, 2002

JOHN M. MASON
United States Magistrate Judge

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before **January 19, 2001.**

1

At the December 21, 2001 hearing Plaintiff stated that in the past he has spent a considerable amount of time at Defendant's café and has never experienced any discriminatory conduct by Defendant's employees.